IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PAID 4 ENTERTAINMENT, LLC., JERMAINE SAUNDERS and JASON SAUNDERS, | CIVIL NO. 3:11-cv-70 |
| Plaintiffs, | ACTION FOR DAMAGES |
| v. | |
| JAY JENKINS, a/k/a YOUNG JEEZY, YOUNG JEEZY TOURING, LLC, MELINDA SMITH, SMITH BY SMITH ENTERTAINMENT, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

COMPLAINT

Plaintiffs, by and through undersigned counsel, allege a complaint as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states.

2. Plaintiffs demand trial by jury of the within action.

3. Plaintiff, Paid 4 Entertainment, LLC, is a Limited Liability Company created and existing under the laws of the U.S. Virgin Islands.

4. Plaintiff, Jermaine Saunders, is a resident and citizen of the Virgin Islands, residing in St. Thomas, U.S. Virgin Islands.

5. Plaintiff, Jason Saunders, is a resident and citizen of Temple, Texas.

_____

6. Defendant, Jay Jenkins, also known as Young Jeezy, is on information and belief, a resident and citizen of Atlanta, Georgia.

7. Defendant, Young Jeezy Touring, LLC, is according to its name, a Limited Liability Company that on information and belief was formed and is existing under the laws of the state of Georgia.

8. Defendant, Melinda Smith, is a resident and citizen of the state of New York, residing at 96 Sagebrush Lane, Islandia, New York.

9. Defendant, Smith by Smith Entertainment, Inc., is purportedly a corporation, organized under the laws of some unknown state and which uses the address of 96 Sagebrush Lane, Islandia, New York.

## COUNT I

## BREACH OF CONTRACT

10. Since approximately November or December 2010, Plaintiffs began planning for "VI Summer Splash 2011", a summer concert in which Jay Jenkins, also known as "Young Jeezy" would be sought as the headlining attraction.

11. On or before March 1, 2011, Plaintiffs contacted representatives of Caribbean Entertainment.Com, Inc., a booking agent, for the purpose of securing the performance of Defendant, Jay Jenkins, a/k/a Young Jeezy, to headline the VI Summer Splash event.

Case: 3:11-cv-00070-CVG-RM   Document #: 1   Filed: 06/24/11   Page 3 of 9

Complaint  Page 3 of 9
Paid 4 Entertainment, LLC, et al. v  Jay Jenkins aka Ýoung Jeezy, et al.

_____

12. On March 2, 2011, Defendant, Young Jeezy Touring LLC and Jay Jenkins entered a contract with its/his agent Caribbean Entertainment.Com, Inc., to perform as the headline act in Summer Splash 2011; a performance that was booked for June 18, 2011 at the Lionel Roberts Stadium, on St. Thomas, U.S. Virgin Islands.

13. The Plaintiffs, as promoters and the persons ultimately responsible for the planning and the payment of all persons who were to perform at V.I. Summer Splash 2011, were the intended third-party beneficiaries of this contract.

14. On March 4, 2011, Caribbean Entertainment.Com, Inc., as agent to Jay Jenkins, and Young Jeezy Touring, LLC, (sometimes herein after referred to as the "Jeezy") entered into a contract with Paid 4 Entertainment and promised the performance of Young Jeezy at Summer Splash 2011 on June 18, 2011.

15. The terms of the contracts of March 2, 2011 and March 4, 2011 were identical in every particular concerning the performances required by the artist, (Young Jeezy), and those required by the Plaintiffs, with the only distinction being that Plaintiffs were required to pay Two Thousand Five Hundred Dollars ($2,500.00) as the booking agent fee.

16. That pursuant to the terms of the contracts, Plaintiffs paid an initial deposit of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) [representing the required $25,000.00 deposit to the artist and the $2,500.00 agent fee],  toward the Fifty-Two Thousand, Five Hundred Dollars ($52,500.00) agreed upon contract price for the performance.

17.    That in consideration of the initial deposit paid by Plaintiffs and received by the Defendants, and the agreement of Plaintiffs to provide additional compensation at the time and in the amount agreed, Defendants agreed that Jay Jenkins (Young Jeezy) would perform at V.I. Summer Splash 2011 as the headline performer on June 18, 2011 at the Lionel Roberts Stadium on St. Thomas, U.S.Virgin Islands.

18.    That Plaintiffs performed completely and fully in accordance with the contract terms; secured sponsors, commenced a regional and national advertising campaign and otherwise did expend large sums of money in anticipation of Defendant's promised performance at the V.I. Summer Splash 2011 event.

19.    That pursuant to the contract, Defendant prepared radio drops and approved advertising containing the likeness of "Young Jeezy" announcing and promoting the performance of the Defendant at V.I. Summer Splash 2011 on the June 18, 2011 agreed date.

20.    On or about June 6, 2011, just twelve (12) days before the scheduled performance of Young Jeezy, and after the expenditure of large sums to advertise that performance, Defendant's agent, Caribbean Entertainment.Com, LLC notified Plaintiffs that "Young Jeezy" might have a conflict and was considering not appearing on June 18 at V.I. Summer Splash 2011 as previously agreed.

21.    That upon receiving this notice, Plaintiffs immediately wrote to Defendant's agent, stating the hardship that such a non-appearance decision would cause to

_____

Plaintiffs and their sponsors, and to impress upon the Defendants, the loss and damage that would result.

22.	That Plaintiffs remained in contact with Defendant's agents over the following days in an attempt to dissuade Defendants from the anticipated breach and to attempt to avoid the damages that would result from Defendant's failure to perform.

23.	That in an attempt to salvage the V.I. Summer Splash 2011 event and to mitigate the losses that would be occasioned by Defendant's (Young Jeezy's) failure to perform, Plaintiffs requested that Defendant agree to perform on June 19, 2011.

24.	That Defendants, (Jeezy), by and through its agent, Smith by Smith Entertainment, Inc., and Melinda Smith, drafted a contract whereby Defendant, Young Jeezy agreed to appear and perform at V.I. Summer Splash 2011 on the alternate date of June 19, 2011.

25.	That Plaintiffs executed a new contract on June 16, 2011 and transmitted the executed copy of the contract to Defendants pursuant to their instructions.

26.	That pursuant to the terms of this new contract, Plaintiffs were required to make an immediate additional deposit of Five Thousand Dollars ($5,000.00) and to pay for a private jet to transport Defendant, Jay Jenkins (Jeezy) to and from the U.S. Virgin Islands.

27.	That on June 17, 2011 the Plaintiffs caused the required deposit to be wire transferred pursuant to Defendants' instructions and scheduled and paid for a private plane at a cost of approximately Twenty-Five Thousand Dollars ($25,000.00) to

Case: 3:11-cv-00070-CVG-RM   Document #: 1   Filed: 06/24/11   Page 6 of 9

Complaint                                                                      Page 6 of 9
Paid 4 Entertainment, LLC, et al. v Jay Jenkins aka Young Jeezy, et al.
_____

transport the performer and his designees to the Virgin Islands for the concert and to return them to the Atlanta area.

28.     That despite Plaintiffs' efforts to mitigate the effects of Defendant's failure to perform on June 18, 2011 as agreed and despite Plaintiffs execution of a new contract changing the date of performance to June 19, 2011 and making the additional deposit and paying for a private jet, Defendant, Young Jeezy, failed to board the jet at the appointed time, failed to travel to St. Thomas on the prepaid jet, and failed to perform at VI Summer Splash 2011 on June 19, 2011 as agreed.

29.     That Plaintiffs were notified by the airplane charter company on June 19, 2011 of Defendant's failures and at approximately 4:30 p.m. on this same date heard from Defendant's Representative that Defendant Young Jeezy would not appear at V.I. Summer Splash 2011 as agreed.

30.     That as a direct and proximate result of Defendant's failure to perform, the V.I. Summer Splash events of June 19, 2011 were cancelled, V. I. Summer Splash 2011 was never completed, and Plaintiff's incurred incidental and consequential damages.

## COUNT II

## FRAUD AND FRAUDULENT MISREPRESENTATION

31.     All allegations of Count I are incorporated herein by reference as if set forth at length.

Case: 3:11-cv-00070-CVG-RM   Document #: 1   Filed: 06/24/11   Page 7 of 9

Complaint                                                                 Page 7 of 9
Paid 4 Entertainment, LLC, et al. v Jay Jenkins aka Young Jeezy, et al.

_____

32. That the contracts entered, promises made, and representation made and advanced by Defendants Jay Jenkins, Young Jeezy Touring, LLC., Melinda Smith and Smith by Smith Entertainment, Inc., were untrue, intentionally made and made with the intent to defraud the Plaintiffs of money.

33. That Defendant Jenkins acted by himself and through agents knowing that he had no intention of performing, and with the purpose of enriching himself to the loss and damage of the Plaintiffs.

34. That as a direct and proximate result of Defendants' fraud and fraudulent misrepresentations, Defendants are liable to the Plaintiffs for such compensatory and punitive damages as proven at trial.

## COUNT III

### INTENTIONAL OR NEGLIGENT MISREPRESENTATION

35. All allegations of Counts I and II are incorporated herein by reference as if set forth at length.

36. That Defendant Jay Jenkins, and other defendants acting with or on his behalf made representations promising to appear and perform at V.I. Summer Splash 2011 when Defendant knew that he was scheduled to appear and perform in the Atlanta area on June 18, and 19, 2011.

37. That Plaintiffs reasonably relied on the intentional or negligent representations of the Defendants, all to their loss and damage.

38. As a direct and proximate result of the intentional or negligent misrepresentations of the Defendants, the Plaintiffs have suffered loss and damage.

## COUNT IV

## CIVIL CONSPIRACY AND PRIMA FACIE TORT

39. All allegation of Counts I, II and III are incorporated herein by reference as if set forth at length.

40. That Defendants Jenkins and Smith conspired and acted in concert with each other and through entities of questionable legal validity to fraudulently steal and swindle money from the Plaintiffs, all to Plaintiffs' damage.

41. That the actions of Jenkins and Smith were willful, intentional and purposefully done with the intent to harm and damage the Plaintiffs.

42. That as a direct and proximate result of the civil conspiracy and prima facie tort of the Defendants, the Plaintiffs have suffered pecuniary damage and loss, damages to their business and professional reputations and are entitled to the award of such compensatory and punitive damages as may be proven at trial.

_____

WHEREFORE, Plaintiffs pray this Honorable Court grant judgment against Defendants, jointly and severally:

    (a)    for such amount of compensatory and punitive damages as proven at trial;

    (b)    awarding costs and attorneys fees of the action;

Together with such other and further relief as to the Court may seem just, equitable and proper.

DATED:    June 24, 2011        /s/ *Robert L. King, Esquire*_____
                                                  ROBERT L. KING, ESQUIRE
                                                  LAW OFFICES OF ROBERT L. KING, ESQ.
                                                  1212 Bjerge Gade, P.O. Box 9768
                                                  St. Thomas, Virgin Islands, 00802
                                                  VI Bar no. 188
                                                  340-776-1014  Fax. 340-774-5299
                                                  rlking@attyking.com