```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

PAID 4 ENTERTAINMENT, LLC,
JERMAINE SAUNDERS and JASON           )
SAUNDERS,                             )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )    CIVIL NO. 2011-70
                                      )
JAY JENKINS a/k/a YOUNG JEEZY,        )
YOUNG JEEZY TOURING, LLC,             )
MELINDA SMITH, and SMITH BY SMITH     )
ENTERTAINMENT, INC.,                  )
                                      )
            Defendants.               )
_____)
```

**ORDER**

Before the Court is plaintiffs' motion to serve defendants Jay Jenkins a/k/a Young Jeezy and Young Jeezy Touring, LLC by publication, and for an extension of time to perfect service on defendants pursuant to 5 V.I.C. § 112(a)(5) and Rule 4 of the Federal Rules of Civil Procedure, respectively.

Virgin Islands Code, Title 5, Section 112(a), provides that when service of the summons cannot be made as prescribed by Rule 4, and where it appears to a court's satisfaction by affidavit that after due diligence a defendant cannot be found in the Virgin Islands, and it also appears that a cause of action exits against the defendant, or that the defendant is a proper party to an action relating to real or personal property in the Virgin Islands, a court may order service by publication in any of the following cases:

*Paid 4 Entertainment, LLC, et al.* v. *Jenkins, et al.*
Civil No. 2011-70
Order
Page 2 of 3

      (1) When the defendant is a foreign corporation, and has property within the Virgin Islands, or the cause of action arose therein;

      (2) When the defendant, being a resident of the Virgin Islands, has departed therefrom with intent to defraud his creditors or to avoid the service of the summons, or with like intent keeps himself concealed therein, or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks;

      (3) When the defendant is not a resident of the Virgin Islands, but has property therein, and the court has jurisdiction of the subject of the action;

      (4) When an action is to have a marriage declared void, or for a divorce in the cases prescribed by law;

      (5) When the subject of the action is real or personal property in the Virgin Islands, and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein; or

      (6) Where the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the Virgin Islands, or satisfy or redeem the same.[1]

Accordingly, before service of publication may be ordered, a showing must be made that service of the summons cannot be made as prescribed in Rule 4.  Here, the motion and the proofs of service submitted in support of the motion are deficient in that they do not state the place service was attempted, the dates service was attempted, how many attempts were made to serve the defendants, or any other facts to show service was not possible.

---

[1] 5 V.I.C. § 112(a).

*Paid 4 Entertainment, LLC, et al.* v. *Jenkins, et al.*
Civil No. 2011-70
Order
Page 3 of 3

Furthermore, even if the motion and the proofs of service were not deficient, it does not appear that service by publication would be permissible here. Although plaintiffs cite Section 112(a)(5), plaintiffs do not allege any facts that would bring this section into play here. Nor does any other part of § 112(a) appear to be applicable.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for service by publication is DENIED without prejudice; it is further

ORDERED that plaintiffs' motion for an extension of time to effectuate service on defendants is GRANTED; and it is further

ORDERED that plaintiffs shall have an additional sixty days from the date of this Order to effectuate service on defendants.

S\_____
**RUTH MILLER**
United States Magistrate Judge