IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| PAID 4 ENTERTAINMENT, LLC, JERMAINE SAUNDERS and JASON SAUNDERS,<br><br>       Plaintiffs,<br><br>    v.<br><br>JAY JENKINS a/k/a YOUNG JEEZY, YOUNG JEEZY TOURING, LLC, MELINDA SMITH and SMITH BY SMITH ENTERTAINMENT, INC.,<br><br>       Defendants. | CASE NO.   2011-cv-70 |

ORDER

Before the Court is plaintiffs' motion for service by publication upon Jay Jenkins and Young Jeezy Touring, LLC pursuant to the Official Code of Georgia Annotated § 9-11-4.[1]

---

[1] The plaintiffs cite Federal Rule of Civil Procedure 4(e)(1) as authority which allows the Court to grant their motion for service by publication pursuant to the Georgia rules for process.  Rule 4(e)(1) provides:

> Unless federal law provides otherwise, an **individual** – other than a minor, an incompetent person, or a person whose waiver has been filed  - may be served in a judicial district of the United States by:
>
>    (1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.] (emphasis added).

     The Court notes that Rule 4(e)(1) is only applicable to individuals.  Here, the plaintiffs also seek to serve a limited liability corporation.  As such, plaintiffs also need to reference Rule 4(h), which sets forth how service may be effectuated upon a corporation, partnership or association.  Rule 4(h)(1)(A) provides that service on such entities may be made "in the manner prescribed by Rule 4(e)(1) for serving an individual [.]"  As such, the same method of service prescribed in Rule 4(e)(1) is applicable to both Jenkins and the LLC.

*Paid 4 Entertainment, LLC., et al. v. Jay Jenkins, et al.*
Civil No. 2011-70
Page 2

### A. Service by Publication upon Jay Jenkins pursuant to Official Code of Georgia Annotated § 9-11-4(f)(1)(A)

Section 9-11-4(f)(1)(A) in pertinent part provides:

> When the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons, and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court, and it shall appear, either by affidavit or by a verified complaint on file, that a claim exists against the defendant in respect to whom the service is to be made, and that he or she is a necessary or proper party to the action, the judge or clerk may grant an order that the service be made by the publication of summons.

Thus, under § 9-11-4(f)(1)(A), in order to grant service by publication upon Jenkins, two conditions must be met. First, it must be established by affidavit that he either resides outside Georgia, or has departed Georgia, or after due diligence cannot be found in Georgia, or he has concealed himself to avoid process. Second, it must be established by affidavit or by verified complaint that a claim exists against Jenkins or that he is a necessary or proper party to this action.

Even if plaintiffs had established that after due diligence they were unsuccessful in effectuating personal service upon Jenkins, plaintiffs have failed to meet the second requirement. Section 9-11-4(f)(1)(A) requires that it be established either by verified complaint or by affidavit that a claim exists against Jenkins or that he is a necessary or proper party to this action. Plaintiffs'

*Paid 4 Entertainment, LLC., et al. v. Jay Jenkins, et al.*
Civil No. 2011-70
Page 3

complaint is not verified, and in counsel's affidavit in support of the motion, counsel does not aver to any facts that establish that a claim exists against Jenkins or that he is a necessary or proper party to this action. Because plaintiffs have not met the second requirement of § 9-11-4(f)(1)(A), plaintiffs' motion as to Jenkins will be denied without prejudice.

**B. Service by Publication upon Young Jeezy Touring, LLC pursuant to Official Code of Georgia Annotated § 9-11-4(e)(1)**

Section 9-11-4(e)(1)in pertinent part provides:

> (e) *Summons -- Personal service.* Except for cases in which the defendant has waived service, the summons and complaint shall be served together. The plaintiff shall furnish the clerk of the court with such copies as are necessary. Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
>
> (1) If the action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to transact business in this state, to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.

In *Brock Built City Neighborhoods, LLC v. Century Fire Protection, LLC*, 671 S.E.2d 240(Ga. Ct. App. 2008), Century Fire Protection, LLC filed an action against Brock Built City Neighborhoods, LLC alleging breach of contract. The Cobb County Sheriff and a private process server attempted personal service

*Paid 4 Entertainment, LLC., et al. v. Jay Jenkins, et al.*
Civil No. 2011-70
Page 4

several times on Brock Built's registered agent at the address listed with the Secretary of State, which was also the registered agent's home address. Service was also attempted at Brock Built's principal place of business on several occasions. Century filed a motion for service by publication, which the trial court granted. Default Judgment was entered for Century after a hearing on damages.

Brock Built appealed the trial court's Judgment, contending that the trial court erred by authorizing service by publication because Century never attempted service on the other persons authorized to accept service on Brock Built's behalf or upon the Secretary of State, as required by § 9-11-4(e)(1). The appellate court ruled in Brock Built's favor, noting that

> [s]ubstitute service is proper *only* after the plaintiff has attempted to serve the persons listed in the statute and 'for any reason' that attempt is unsuccessful. . . . Century has cited no reason that service could not be had at Brock Built's address on *one of the other persons* listed in the statute, i.e. another officer of the corporation, secretary, cashier, managing agent, or other agent in the corporation. . . . Century should have attempted to serve the other persons listed in the statute before seeking substituted service." (emphasis in original).

*Brock Built*, 671 S.E.2d at 242-43(internal citations omitted).

*Paid 4 Entertainment, LLC., et al. v. Jay Jenkins, et al.*
Civil No. 2011-70
Page 5

The court further advised that "[e]ven if Century had attempted unsuccessfully to serve another person at Brock Built's principal place of business, service by publication would not have been proper." The court explained that this is so because "service by publication . . . is not authorized where personal service, through the Secretary of State, could have been made."[2]   *Brock Built,* 671 S.E.2d at 243.

Here, plaintiffs have not averred that they attempted to serve the others persons authorized to accept service on the LLC's behalf and upon the Secretary of State in accordance with § 9-11-4(e)(1). As such, plaintiffs' motion to serve the LLC by publication also will be denied.[3]

For the foregoing reasons, plaintiffs' motion for service by publication on Jay Jenkins and Young Jeezy Touring, LLC pursuant to OGCA §§ 9-11-4(e)(1) and 9-11-4(f)(1)(A)is DENIED without prejudice; it is further

---

[2]   In *Brock Built*, the court points out that OCGA § 9-11-4(j) provides that "[t]he methods of service provided in this Code are cumulative and may be utilized with, after, or independently of other methods of service." Thus, this is why service by publication may be had against a corporation pursuant to § 9-11-4(f)(1)(A) even though that section specifically refers to service upon a person. See *Brock Built*, 671 S.E.2d at 242.

[3]  The Court notes that plaintiffs filed, as an exhibit to the motion, email correspondence wherein Jenkins' counsel advised that, under certain circumstances, the firm would be willing to waive service on Jenkins' behalf. Further, the Court notes that under Rule 4(d)(1), the parties have "a duty to avoid unnecessary expenses of serving a summons."

*Paid 4 Entertainment, LLC., et al. v. Jay Jenkins, et al.*
Civil No. 2011-70
Page 6

  ORDERED that plaintiffs' motion for an extension of time to effectuate service upon Jay Jenkins and Young Jeezy Touring, LLC is GRANTED; and it is further

  ORDERED that the plaintiffs shall have an additional 30 days from the date of this Order to effectuate service upon Jay Jenkins and Young Jeezy Touring, LLC.


          S\_____
           **RUTH MILLER**
           United States Magistrate Judge